## WEST SIDE LUMBER CO v SAYLOR, et

Ohio Appeals, 2nd Dist, Montgomery Co
No 967. Decided July 22, 1930

Ozias & Ozias and W. S. Rhotehamel, all of Dayton, for Lumber Co.

I. L. Holderman, Kreitzer & Ratchford and Charles W. Dale, all of Dayton, for Saylor, et.

HORNBECK, J.

This case is in this Court on error, so that, if the trial Judges were right in their determination of any of the propositions upon which the judgment was based, their action must be sustained. We have recently held in the case of Kuntz-Johnson Company v. E. O. Pryor, No. 971, Montgomery County, that the form of affidavit under consideration in this case was sufficient under **8314 GC.**

It is vital to the establishment of a lien that the proof disclose that the material or labor was furnished under contract with the owner directly, or through a contractor who traced his contract to the owner. There is an insufficiency of proof of such relation between the plaintiff and the owner of the premises at the time the construction began, Benn & Company, or Saylor, who became the subsequent owner.

It would seem that the theory of the plaintiff was that Holtzmuller and Seebaldt owned the lot upon which the building was erected and for which the lumber was furnished. This conclusion was erroneous and would have been discovered by an examination of the title records.

There is evidence in the record tending to sustain the claim that the plaintiff in error had signed a waiver of its right to a mechanic's lien against the property described in the petition. It is suggested that the burden of proof in this matter was upon the plaintiff in error. This is true, and it is to be presumed that the Court applied the rules of law in determining this question and that he found this burden had been

sustained.

In view of business practice he may have concluded, that, inasmuch as it was not unusual for mechanic's lien claimants to execute waivers of liens in favor of mortgagees, it was highly improbable that an institution like the West Side Building and Loan Company would advance $6500.00 on the property unless such waiver existed.

However, if there was but one question, viz; the existence of a waiver of lien on lot No. 89 by the plaintiff, we would hesitate to support the judgment of the Trial Court. The trial court at page 134 of the record said,

"Up till this time the preponderance of the evidence clearly shows that there never was a release of lien."

We find nothing subsequent to this page which makes its claim in this respect more certain. We are convinced that Saylor saw something which he believed, or was led to believe, was a waiver of lien on lot No. 89. Holtzmuller will not say that there was not such a waiver. In fact the gist of his testimony is to the effect that he had it. But this does not bind the plaintiff and, in view of the express testimony of every officer, whom the record discloses would have been authorized to sign such a waiver, that they did not do so, we would hesitate to hold that proof had been made that the waiver existed.

It is urged by plaintiff in error that the issue raised on the second cause of action in the petition and answers thereto is res adjudicata, having been determined in the first trial before Judge White. A presumption of the correctness and validity of the acts of a trial court attends this record in this Court. Error must affirmatively appear. Inasmuch as Judge Snediker assumed to hear and decide the sufficiency and validity of a claim to a mechanic's lien of plaintiff in error, it must be presumed, in the absence of a showing to the contrary, that he was authorized so to do. The record does not disclose that former adjudication is pleaded as required. **Fanning v. Hibernia Insurance Company 37 Oh St, 344; Fistel Meiss v. Gill 44 Oh St., 258.**

The first cause of action in the petition of the plaintiff in error is one at law, and the plaintiff in error had a right to a jury in determining the issue there raised. The second cause of action is directed to the equity side of the Court. Nothing inconsistent with the normal progress of this case appears in the submission of these questions separately and to different Judges. The record does not disclose a state of facts from which a legal inference may be drawn that the claim of the plaintiff in error to a mechanic's lien had been adjudicated before Judge White at the time it was presented to Judge Snediker.

On the question of the delivery by plaintiff company of the material itemized in the two invoices subsequent to February 11, 1925, and the date thereof, the trial court was clearly within its province in holding that the evidence did not support the claim of the plaintiff. Saylor's express testimony is to the effect that no such material was delivered to lot No. 89, that the physical conditions of the street in front of his property were such that it could not have been delivered by truck, as claimed by the driver of plaintiff company, and finally, that the lumber included in said delivery did not go into his building. This is corroborated, in part or in whole, by the witnesses, Brown, Mrs. Saylor, Chmabers and Ellison.

We find no error in this record so prejudicial to the plaintiff in error as would justify a reversal. The judgment of the trial court will therefore be affirmed.

Kunkle, PJ, Allread, J, concur.