## WALTER v BROTHERS

Ohio Appeals, 5th Dist, Stark Co

Decided February 1932

Paul R. Lamiell, and William R. Thom, Canton, for plaintiff.

Fisher, Leahy & Weintraub, Canton, for defendant.

LEMERT, J.

An examination of the record before us discloses that the contract entered into between the parties herein was substantially performed between the 2nd day of December, 1929 and latter part of December, 1929 or the first part of January, 1930, and that

afterwards, to-wit: on or about March 26th, 1930, before the purchasers of the property moved into the house, plaintiff claims that he changed the steam return and adjusted the radiator valves. Taking the dates from March 26th, 1930 to July 12th, 1930, being about three and a half months, the only work or labor performed or material furnished was, as claimed by the plaintiff herein, on May 19th, 1930. It is from this date the lien, the claim of the defendants being that the contract was substantially completed in January of 1930, claim further being made that the plaintiff in returning on March 26th, 1930 to change a steam return and regulate the regulator would not constitute an extension of time within which to take the lien; even granting and assuming that this was a material part of the contract, that about three and a half months expired from the 26th day of March, 1930, when this was done, until the taking of the Mechanic's lien, except for the transaction of May 19th, 1930. The record shows that plaintiff claims that he placed some asbestos lining on a pipe in the garage, and by reason of this act the time for taking a lien has been extended.

It has been repeatedly held in Ohio and other jurisdictions that where work or material is in good faith furnished at the request and with the knowledge of the owner, to remedy defects in the original work, that this is sufficient to establish a new period from which the time for filing the affidavit or claim of a lien is to be computed, but where the work contracted for is completed according to contract as the contractor believes, but he later discovers defects and voluntarily undertakes, after the time for completing the contract has expired without authority from the owner, to remedy the trouble, it is held in most cases, especially where the work or material is trivial, that such work does not extend the time for filing a lien.

We note from the record that on May 3, 1930, the defendant Brothers signed schedules and petition in bankruptcy, and on May 13, 1930, notice of bankruptcy mailed to Walter. Keeping in mind that this last work, as claimed by Walter, was done on May 19, 1930, these facts before us naturally bring up the question then of good faith on the part of Walter in doing the work that he claims he did on May 19, 1930.

It has further been held that where a contractor, upon complaint of the owner, replaces without charge a certain plumbing fixture in substitution for a defective one furnished by him, such substitution was held to constitute only the correction of a defective item furnished during the running of the account and did not operate to extend the

time for filing the lien for work previously done, and again, where a subcontractor, at the request of the purchaser of a house, returns after eighteen months of occupancy by such purchaser, to repair work previously completed by him, the subcontractor cannot by so doing revive his right to a lien which he had allowed to expire. A true test is whether the alleged repairs are a necessary part of the proper completion and performance of the work which the lien claimant undertook to do, and an attempt in good faith to perform the contract and not merely to extend the time for filing an affidavit for a lien. This is always a question of fact.

There is nothing in the record before us to show that the plaintiff requested permission to do the work. Neither did he inform the defendants that he was about to do the work, and after the completion of the work, if he did any, did not notify the defendants that he had performed it.

This court in a case similar to the instant case, in the case of **Bohunek v Smith**, 32 **O L R**, 168, (8 Abs 605), held that work done by way of correction of defective items performed under contract, does not extend the time for a lien, and that when the contract to furnish material has been completed, subsequent gratuitous furnishing of material in the nature of substituting for the purpose of remedying defects, will not extend the time for lien. We are still in accord with this doctrine and we believe it is consistent with numerous decisions of the various courts of Ohio.

Therefore, entertaining the aforesaid views of this case, the finding and judgment will be for the defendants. Petition of plaintiff dismissed at plaintiff's costs. Exception may be noted.

SHERICK, PJ and MONTGOMERY, J, concur.