A 1 A PLUMBING, HEATING & MAINTENANCE, INC., APPELLANT, *v.* YOAKEM ET AL., APPELLEES.

(No. 7291—Decided July 23, 1963.)

*Messrs. Leibold & Leibold*, for appellant.

*Messrs. Schwenker, Teaford, Brothers & Bernard*, for appellees Howard and Dorothy Yoakem.

*Mr. Richard C. Addison*, for appellee Park Federal Savings & Loan.

*Mr. Earl W. Allison*, for appellee Newton Thatcher, Franklin County Treasurer.

TROOP, J.   This is an appeal from a judgment of the Common Pleas Court of Franklin County allowing the plaintiff, appellant herein, a mechanic's lien in the sum of $293.83 and denying a lien for the balance of the amount prayed for in the petition.   The court also held that the Park Federal Savings and Loan Association had a valid first mortgage lien on the premises against which plaintiff sought to establish its lien.

Plaintiff in the trial court is A 1 A Plumbing, Heating and Maintenance, Inc., a corporation, active management of which is in one Richard W. Kaiser.   The action involves a house and lot of land identified as 3394 Sunningdale Way, Columbus, Ohio, presently owned by Howard H. and Dorothy H. Yoakem.   The Yoakems had purchased the premises from Lowell Fletcher, Inc., a corporation owned and managed by Lowell Fletcher, who was responsible for the construction of the premises in question.   Hereinafter the plaintiff will be mentioned as Kaiser, and Fletcher Corporation simply as Fletcher.

Counsel for Kaiser sets out five assignments of error.   The first one assigned is that the trial court wrongly found, as a basic fact, that the original contract, upon which plaintiff sought to predicate its lien, was completed in December 1959, and, therefore, as a matter of law the lien could only

cover work done in November of 1960. This assignment of error constitutes the meat of the appeal. If the trial court is not in error on this point, the other assignments of error fall of their own weight.

This being an appeal on questions of law and fact and an action belonging to the group contained in Section 2501.02, sub-paragraph (3), Revised Code, this court shall "weigh the evidence" as directed by the statute. Several basic facts are shown by the record. A contract as required by Section 1311.02, Revised Code, is well enough established. The exact nature of the contract is sufficiently elusive to be troublesome. Kaiser asserts that it was made with Fletcher on a time and material basis, and that he kept an accurate account of all time consumed and material used on this and other jobs done for Fletcher. This Fletcher disputes saying the contract involved a firm figure.

In any event, the contract is sufficient, and it appears that Kaiser began work on the house, formerly owned by Fletcher personally, about May 1959. Fletcher had deeded the lot to his corporation in April of 1959. Kaiser and Fletcher had a series of business relationships before this time. On October 3, 1959, the Yoakems contracted for the house and occupied it beginning November 20, 1959, although the transaction was not completed by delivery of a deed until June 8, 1960.

Kaiser contends that his contract with Fletcher was not completed until November 7, 1960, when he completed a fourth bathroom in the house previously only roughed in. The defendants, Yoakem, take the position that Kaiser had terminated the work covered by the contract with Fletcher and that the completion of the bathroom was by a separate contract with them, which is the conclusion reached by the trial court.

If the contract with the owner, as of the time the work was begun, was not terminated, then the lien attaches to the interest acquired by the subsequent purchasers, the Yoakems, under the provisions of Section 1311.02, Revised Code.

It should be pointed out that the language of plaintiff's first assignment of error does not accurately state the finding of the trial court. The statement, as to his findings, in item (2) of the court's entry, is as follows:

"That plaintiff failed to prove that its affidavit for a me-

chanic's lien was filed within sixty (60) days from the date upon which the last of the materials and labor were furnished on the original contract. * * *."

That burden of proof is squarely on the plaintiff, Kaiser. The rule is set out in 36 Ohio Jurisprudence (2d), 620, Section 155, as follows:

"The burden of proof is upon the lien claimant to establish the requisite compliance with the lien statute, and to show that the last item of materials was furnished within the required 60-day period. * * *."

In *Seybold, d. b. a. Harvey Seybold & Co.*, v. *Pitz* (1955), 101 Ohio App., 316, the court states the rule at page 323. It is accurately set forth in paragraph six of the syllabus. If a plaintiff, materialman or laborer, fails to meet the burden imposed by the rule then he loses his lien.

No attempt is made to review the whole record in this decision. It is voluminous and somewhat confusing and at some points leaves the distinct impression that the lien claimant designed a move to keep alive the basis for a lien against which time had run, which move was prompted by adverse and troublesome financial difficulties between the original contracting parties.

The cogent evidence is plaintiff's own. The most outstanding items are mentioned here. Plaintiff's Exhibit one is an account card headed "Lowell Fletcher." Various jobs appear as charges on this record. The last entry shown on the card relating to the contract involved here, is as follows:

"1-12-60    3394 Sunningdale Way  No. 1016  S5  1885.21"

This is supported by plaintiff's Exhibit four, a job ticket showing a charge to Lowell Fletcher for "Job No. 2737 Date 10-23-59," the total charge being $1,185.21.

Plaintiff's Exhibit two, is also an account card, headed "Dr. H. H. Yoakem, 3394 Sunningdale Way." A charge of $51.32 appears under date of 12-14-59, which shows paid on 11-10-60. And then appears the entry as follows:

"11-23-60    No. 4013    S131    293.83"

This is also supported by a job ticket, the plaintiff's Exhibit five, "Job No. 2999 Date 11-7-60 Charge Dr. H. N. Yoakem." It is indicated that the total charge of $293.83 was made to finish bath.

Kaiser cannot claim to have been entirely ignorant of a possible change in ownership interest. A note, plaintiff's Exhibit 20, made by the Fletchers in Kaiser's favor, under date of August 5, 1959, was made payable "upon date of closing of property Lot 25—3394 Sunningdale Way." He knew a sale was contemplated. On December 14, 1959, work was done for the Yoakems. Kaiser, therefore, knew they occupied the place. The record suggests that Kaiser might well have known that the Yoakems owned the premises they occupied. All of which preceded in time the work done and charged to Dr. Yoakem on November 7, 1960.

In a mechanic's lien case, *Evans* v. *Lawyer* (1930), 123 Ohio St., 62, the court made the observation that in such a case the question as to whether there was a new contract was a matter of fact to be determined by the trial court. Observing further as to the function of review, at page 64, the court, through Judge Day, speaks as follows:

"* * * this court does not review questions of fact, but only examines the evidence for the purpose of seeing whether there is any evidence in the case to support the judgment in question, * * *."

There is ample evidence to support the judgment of the trial court and his conclusion that the plaintiff failed to prove that his affidavit was filed within sixty days from the date the last of materials and labor were furnished on the original contract. The trial court was also correct in allowing a lien in the sum of $293.83, the charge for the work done on November 7, 1960, for the Yoakems and charged to them, the lien having been filed on December 12, 1960, within sixty days.

Plaintiff's first assignment of error is not well taken and, therefore, the remaining four need not be considered, being without point and no one being prejudicial.

The judgment of the trial court is affirmed and the appeal dismissed at the cost of plaintiff.

*Judgment affirmed.*

Duffy, P. J., and Duffey, J., concur.