DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal of a judgment of the Sandusky County Court of Common Pleas which granted appellees Chase Manhattan Mortgage Corporation and C. Jay and Holly Strausbaugh's motion for summary judgment, and denied appellant Swim Rite Pool Co.'s motion for summary judgment. For the reasons that follow, we affirm.
 {¶ 2} The competing motions for summary judgment primarily concerned themselves with the validity and priority of a mechanic's lien that appellant sought for material and labor related to the installation of a pool on residential property owned by appellees the Strausbaughs, and subject to a mortgage held by appellee Chase Manhattan. In September 2002, the Strausbaughs contracted with appellant for installation of the pool. Prior to contracting, Lanny K. Sieving, president of Swim Rite Pool Co., reviewed a checklist with Mr. Strausbaugh. This checklist outlined the items included in a standard pool installation as well as "Optional Accessories." Mr. Sieving also prepared an itemized worksheet estimate of the price for installation of the pool. This worksheet included separate line item prices for a solar cover, a solar reel, and winterization labor. The line item price for a heater was left blank. However, due to cost considerations, Mr. Stausbaugh did not agree to include the solar cover and solar reel in the contract at the time of contracting in September 2002.
 {¶ 3} The worksheet indicates a total contract price of $15,895. As consistent with Mr. Strausbaugh's decision to exclude the solar cover and solar reel from the initial contract, the separate contract of sale document does not list a solar cover or solar reel among the accessories. However, winterization labor is listed and the total contract price is the same as on the worksheet, $15,895.
 {¶ 4} In October 2002, appellant completed installation of the pool with all the accessories itemized on the contract of sale document, plus a heat siphon. An invoice from appellant dated November 20, 2002, indicates this heat siphon was billed separately and was not included in the original $15,895 contract price. The winterization of the pool, as itemized and included in the contract of sale, was performed in November as well.
 {¶ 5} On February 19, 2003, the Strausbaughs executed a note in favor of Ohio Home Finance and a mortgage in favor of Ohio Home Finance which was assigned to appellee Chase Manhattan. This transaction included an affidavit from the Strausbaughs stating that the pool was "done in October 2002, paid in full." In fact, the pool was not "paid in full" at this time.
 {¶ 6} On April 3, 2003, the Strausbaughs filed a bankruptcy petition. On May 6, 2003, appellant delivered and installed a solar cover and solar reel in the pool. An invoice from appellant dated June 4, 2003, indicates that these two items, as well as season opening labor, were billed separately from the original contract total of $15,895. Testimony from appellant's corporate treasurer also indicates that the spring of 2003 installation of the solar cover and solar reel was not work that related to the September 2002 contract. On June 25, 2003, appellant filed an affidavit for mechanic's lien.
 {¶ 7} In an August 4, 2005 opinion and judgment entry on the summary judgment issues presented, the trial court found that the final work for the pool purchase and installation occurred during the winterization of the pool in November 2002. Therefore, the trial court concluded that appellant's June 2003 affidavit for a mechanic's lien was filed beyond the statutory 60-day limit and the lien was invalid. Because of this threshold conclusion, the trial court found that it did not need to reach the other summary judgment issues presented by the parties including post-bankruptcy petition perfection of the mechanic's lien, and the prioritization of creditor interests.
 {¶ 8} In its single assignment of error, appellant asserts:
 {¶ 9} "The trial judge committed error when he determined that the mechanic's lien filed by Swim Rite Pool Co. against the residence of C. Jay Strausbaugh and Holly Strausbaugh is invalid."
 {¶ 10} Appellate review of a trial court's grant of summary judgment is de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105, 1996-Ohio-336. Accordingly, we review the trial court's grant of summary judgment independently and without deference to the trial court's determination. Brown v. SciotoCty. Bd. Of Commrs. (1993), 87 Ohio App.3d 704, 711. Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt (1996),75 Ohio St.3d 280, 294, 1996-Ohio-107. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).
 {¶ 11} While recognizing the 60 day filing requirement for a mechanics lien in R.C. 1311.06(B)(1), appellant argues that May 6, 2003, was the last date on which the last labor or work was performed or material was furnished by appellant. Further, citing the language of R.C. 1311.12(D), appellant contends that the May 2003 delivery of the solar cover and solar reel gave rise to one mechanic's lien for the entire unpaid portion of the sales to the Strausbaughs.
 {¶ 12} Relative to R.C. 1311.06, we have recently stated:
 {¶ 13} "R.C. 1311.06(B)(1) mandates that a lien arising in connection with a residential unit be filed `within sixty days from the date on which the last labor or work was performed or material was furnished by the person claiming the lien * * *.' Liens filed more than 60 days after the completion of work will be deemed invalid." Gilson v. Windows Doors Showcase, LLC,
6th Dist. No., 2006-Ohio-2921 at ¶ 18 citing J. F. Harig Co.v. Fountain Square Bldg. (1933), 46 Ohio App. 157. Whether materials furnished are necessary to properly complete work in good faith and perform a contract, or merely an effort to extend the time for filing an affidavit for a lien, "`is always a question of fact.'" Gilson at ¶ 20 citing Walter v. Brothers
(1932), 42 Ohio App. 15, 18; Seybold v. Pitz (1955),101 Ohio App. 316.
 {¶ 14} R.C. 1311.12(D), which is cited by appellant, provides:
 {¶ 15} "All of the deliveries or the sales, or both, by a lien claimant of materials, including tools and machinery to or for an improvement, give rise to one mechanics' lien for the unpaid portion of the sales."
 {¶ 16} Appellant does not cite any cases interpreting R.C.1311.12(D), much less using it to extend the time to file a mechanic's lien in a construction contract. Further, this court's independent search has not uncovered any such cases.
 {¶ 17} Regarding validity of the lien pursuant to the 60 day requirement of R.C. 1311.06(B)(1), we examine our holding inGilson. In Gilson, the appellee-homeowners filed a slander of title action against the appellant window and door distributor. The appellees alleged that the appellant had filed an untimely affidavit for a mechanic's lien. The appellees had contracted with a builder for the construction of a home. In turn, the builder contracted with the appellant to provide windows and doors for the home. The builder also paid the appellant $20 to store screens until the house construction was complete. The appellant delivered doors and windows to the construction site, but was never paid by the builder. Although the windows and doors had been delivered over six months earlier, the screens were not delivered by the appellant until February 18, 2004. On March 3, 2004, the appellant recorded an affidavit of lien on the appellees' property. We concluded there was a question of fact that precluded summary judgment for the appellant on the appellees' slander of title claim. Specifically, we found there was a question of fact regarding whether the screens furnished were necessary to properly complete work in good faith and perform the contract or merely an effort to extend the time for filing an affidavit for a lien. Id. at ¶ 20. Therefore, we affirmed the trial court's denial of the appellant's motion for summary judgment on the appellees' slander of title claim.
 {¶ 18} Gilson is distinguishable from the present case. First, Gilson directly involved good faith issues by virtue of the slander of title context of the case. Second, in Gilson,
there was evidence that the screens were part of the original contract since the builder had paid the appellee-supplier $20 for storage of the screens. In contrast, in the present case, the solar cover and solar reel were invoiced separately from the September 2003 contract of sale for the pool. Third, Gilson, as well as Walter and Seybold which we cited in Gilson, had questions of fact in part because either a subcontract (Gilson), an "implied" contract (Seybold) or an oral contract (Walter) was involved. In contrast, in the present case, there is a direct written contract between appellant and appellees with terms and conditions, as well as testimony regarding the pool installation estimating and contracting process. Regarding that process, according to a checklist that appellant reviews with the customer at an initial meeting, the solar panel and solar reel are considered "optional accessories." Included under the "Seller Obligations" on the standard terms and conditions printed on the second page of the contract is the following:
 {¶ 19} "A. Complete installation. Seller shall completely install the swimming pool materials, equipment and accessoriescovered by this agreement. The following shall constitute complete installation: * * * install accessories." (Emphasis added.)
 {¶ 20} According to the itemized list on the first page of the contract as well as uncontroverted testimony, Mr. Strausbaugh did not agree to include the solar cover and solar reel in the contract at the time of entering into the contract in September 2002. Further, although the contract terms also provide for "Additional Work" under the contract, installation of additional accessories is not specifically listed among the items considered "additional work." In contrast to Gilson, in the present case, the language of the contract itself leaves no question of fact. The solar cover and the solar reel were not necessary to properly complete the work in good faith and perform the contract for pool installation.
 {¶ 21} We conclude that even when all the evidence presented for summary judgment is construed most favorably for appellant, reasonable minds could reach only the conclusion that the spring 2003 purchase and installation of the solar cover and reel was a separate contract from the installation and winterization of the pool the prior fall. We agree with the trial court's conclusion that the pool installation pursuant to the September 2002 contract of sale was complete in November 2002. Putting it in terms of the language of R.C. 1311.12(D), the "improvement" was the pool without the optional solar cover and solar reel. The deliveries or the sales, or both, by appellant of materials for the "improvement" were completed in November 2002. Therefore, appellant's June 2003 affidavit for a mechanic's lien was filed beyond the statutory 60 day limit and the lien is invalid. In light of this conclusion, the other issues presented by appellant including post-bankruptcy petition perfection of the mechanic's lien, and the prioritization of creditor interests are moot.
 {¶ 22} On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App .R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Parish, J., Concur.